IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DEBORAH HANLEY,**
        **Plaintiff,**

v.                                                No:  5:07cv164/RS/MD

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

      This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Hanley's application for disability insurance benefits under Title II of the Act.

      Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits which was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and a hearing was held on September 13, 2006. Plaintiff was represented by counsel and testified at the hearing. A vocational expert also testified. The ALJ rendered an unfavorable decision on March 23, 2007 (tr. 17-24), and the Appeals Counsel declined review (tr. 4-6), making the decision of the ALJ the final decision of the Commissioner, and therefore subject to review in this court. *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998). This appeal followed.

## STANDARD OF REVIEW

The ALJ's decision will be reversed only if it is not supported by substantial evidence. *Falge, supra*. The court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether it is premised upon correct legal principles. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles." *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted). Findings of fact by the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

A disability is defined as an "inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps. A finding of disability or no disability at any step renders further evaluation unnecessary. The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

The claimant bears the burden of establishing a severe impairment that keeps her from performing her past work. If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. *Chester v. Bowen*, supra, 792 F.2d at 131; *MacGregor v. Bowen*, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, claimant must prove that she cannot perform the work suggested by the Commissioner. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

## DISCUSSION

The issues raised in this appeal are very limited.  Plaintiff first contends that the ALJ erred in finding that she could return to her past relevant work as a telemarketer or as a maid "without determining the mental demands of the work or whether the claimant could perform these demands." (Doc. 15, p. 15).  In other words, plaintiff does not contest the mental residual functional capacity the ALJ found, but argues only that he did not apply it correctly.  Plaintiff further contends that the ALJ erred in not obtaining vocational expert testimony at the fifth step of the sequential review.  Because the issues raised in this appeal ave very limited, plaintiff's medical history will be summarized briefly.

Plaintiff has had a long history of mental illness, which includes at least one suicide attempt in 1997.  However, in more recent times she has been under the care of a psychiatrist.  Any suicidal tendencies were alleviated by changing her medication (tr. 334), and the ALJ found that she has generally improved with therapy and that her mental impairment is moderate in severity (tr. 23).

The ALJ found that plaintiff's residual functional capacity included physical capabilities that are not at issue here.  As to mental capacities, the ALJ found that plaintiff could do simple 1-2 step job tasks at the unskilled or low semiskilled level within an SVP[1] of 1-3; that her occupation should require only occasional contact with the general public, coworkers and supervisors; and that she had no communicative limitations.  These findings are not contested in this appeal.  The court will therefore address the issues raised.

1. <u>Failure to determine the mental demands of past relevant work.</u>

Based on his residual functional capacity determination, the ALJ found that the plaintiff could perform the requirements of her past relevant work as a telemarketer or maid.  Plaintiff argues, correctly, that when an ALJ determines a

---

[1]Specific Vocational Preparation, discussed further infra.

claimant can perform the requirements of her past relevant work, he must first determine what those requirements are, including any mental requirements. Plaintiff cites *Paige v. Apfel*, 2001 WL 936198 (S. D. Ala. May 3, 2001) (unpublished opinion) in support. There, the court held that the mental requirements of a claimant's past relevant work must be determined before an ALJ can find that the claimant can do such work. Plaintiff says that the ALJ did not do that in this case, but the plaintiff is mistaken.

At the hearing a vocational expert, to whose qualifications plaintiff's counsel stipulated, responded to specific questions posed by the ALJ. The vocational expert was asked to assume that "[plaintiff] performs with sufficient mental ability to perform route (sic) repetitive type operational tasks in response to simple one and two step directives. [INAUDIBLE] to unskilled or the lowest level of semi-skilled work with the work having SVP's under the DOT of from one to three but no higher." (Tr. 449-450). The Dictionary of Occupational Titles (DOT), published by the U. S. Department of Labor, lists Specific Vocational Preparation (SVP) in terms of the time necessary for a typical worker to learn the job. SVP's one through three require up to three months preparation. The vocational expert replied that, among others jobs, the hypothetical person could work as a telemarketer or maid (tr. 451). The vocational expert also confirmed that her opinion treated the jobs as plaintiff had described them at the hearing, as well as how those jobs are described in the DOT (*id.*). Thus, plaintiff's mental condition, and the mental conditions required of the two jobs, were considered both by the ALJ and by the vocational expert. This case is therefore factually distinguishable from *Paige, supra*, and plaintiff is not entitled to reversal on this ground.

2.      <u>Failure to use vocational expert at step five.</u>

Plaintiff second contention is that the ALJ failed to use vocational expert testimony at step five of the sequential review process. This in incorrect for two

reasons.  First, since the ALJ found that plaintiff could perform her past relevant work at step four, there was no fifth step.  The Eleventh Circuit has held that vocational expert testimony is not necessary if the plaintiff has not proven inability to return to her past relevant work.  *Lamb v. Bowen,* 847 F.2d 698, 704 (11th Cir. 1988).  The regulations do not require vocational expert testimony.  20 C.F.R. § 404.1556(e).  What is required is for the ALJ to determine the demands of the plaintiff's prior work, and this can be done by considering the plaintiff's own description of her duties, as was done in this case.

Second, although there was no fifth step, the ALJ did ask the vocational expert to name jobs that plaintiff could perform, given the residual functional capacity as found, in addition to her past relevant work.  The vocational expert responded that plaintiff could work as an attendant at an arcade, a bench assembler, an automobile detailer, a cashier/fast food worker, or a photo finisher, all of which exist in significant numbers in the local and national economy.  Beyond the bald assertion that the ALJ should have used a vocational expert at step five, plaintiff has offered no argument in support of her implied contention that there was a step five.  Plaintiff is not entitled to reversal on this ground.

Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

At Pensacola, Florida this 22nd day of May, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

Case No: 5:07cv164/RS/MD

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:07cv164/RS/MD*